SELDEN (Case No. 12,638) [21 Fed. Cas. page 1026]

pear that an exclusive credit was given to the ship and owners in exoneration of the master's liability.

As the claim, therefore, is one to which the maritime law attaches a lien prior to that of the master of any existing under that law, and as the master is himself personally liable for the debt, his claim must be postponed to that of the libellant.

SELBY (BROWN v.). See Case No. 2,030

SELBY v. The ELIZABETH ENGLISH. See Cases Nos. 4,359 and 4,360.

SELBY (ROBERTSON v.). See Case No. 11,-929.

SELBY (TALBOT v.). See Case No. 13,729.

SELBY (WAY v.). See Case No. 17,302.

## Case No. 12,637.

Ex parte SELDEN.

[See Case No. 12,638.]

## Case No. 12,638.

Ex parte SELDEN.

[6 Pittsb. Leg. J. 18; 3 App. Com'r Pat. 457.]

Circuit Court, District of Columbia. April 3, 1861.

PATENTS—APPEAL FROM COMMISSIONER—DIVISIONS—REISSUE—HARVESTERS.

[1. On an application for a reissue and division of a patent under act of March 3, 1837 (5 Stat. 191), the divisions, for the purposes of an appeal, are to be considered as a whole, and not as separate cases.]

[2. On a surrender and reissue, the patentee has a right to a patent for a division or separation of each essential part in combination with the other parts of the same invention in which it was connected.]

[3. The claims of Selden, as assignee of Mc-Namara, in his application for a reissue and division of his patent for improvements in harvesters, held valid and not anticipated by prior inventions, and the application erroneously rejected.]

Appeal by G. M. Selden, assignee of D. S. McNamara, from the decision of the commissioner of patents refusing to grant his application for a reissue and division of his patent of Sept. 28, 1858, for improvements in harvesters.

MORSELL, Circuit Judge. The commissioner has raised the preliminary questions, "that the appeal is not properly taken;" that the application for reissues on this patent are four in number, and embrace twenty six clauses of claims that make a series of combinations which include many parts of the machine not previously embraced in the claim, &c.; that the application is made in the name of the assignee of the inventor. The commissioner thinks that the patent law contemplated that each case presented

to the office for its consideration must be treated as a substantive application; and that each case appealed to one of the judges of the circuit court, must be presented as a substantive appeal. The commissioner assigns several reasons for his opinion: "1st. Because the law which allows the division of an application for a reissue provides that each additional division of a reissue shall pay the sum of thirty dollars for each additional patent (section 5, Act March 3, 1837). 2nd. Each reissued patent is called and becomes a new patent, and this designation is applicable to every decision, because it establishes rights not before secured by patent protection. 3rd. Each division presents substantive claims, requiring a separate consideration and an independent examination in the office; the correspondence connected with it being necessarily isolated, and the references distinct; as much so in all respects as any other application for a patent. 4th. There is not a syllable in the patent law which authorizes the office to embrace two separate applications involving different and separate questions for adjudication in one appeal, to the judges of the circuit court. 5th. The fee required to be paid is substantive, and is required to be paid in each case upon which an appeal from the decision of the commissioner is taken. And, lastly, because, as in the present case, the reasons of appeal in one case cannot be regarded as applicable to the action of the office in each of the other cases."

The substance of these preliminary objections may be considered as embraced in these positions: That the petition in this case to reissue the original patent by a division of the same into four parts must be considered as four distinct original substantive cases and applications, and therefore liable to the pre-requisite payment of $25 each case for the fee. Secondly. That the applicant has no right to impose such extra labor upon the office and the judge. As to the latter objection, it certainly would have much weight, if it could be so considered by any fair construction of the law on the subject; but if not, as we have taken our offices cum onere, we must submit to it until the law becomes changed. To ascertain the true nature of the subject, and what the law is, I shall refer to the different statutes. The first, as to the divisions, is the act of 1836. Section 13 [5 Stat. 122] provides that, upon a surrender by the patentee of his patent, and the payment of the further duty (paid upon the original application) of $15, the commissioner is to cause a new patent to be issued for the same invention for the residue of the period then unexpired for which the original patent was granted, in accordance with the patentee's corrected description and specification; and in case of his death or any assignment by him made of the original patent, a similar right should vest in his executors, adminis-